**Felix Martin POLIDANO–GUERRICO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–72995.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2008.*

Filed July 23, 2008.

Jaime Jasso, Esq., California Alien Rights Project, LLC Immigration Appealsworks, Westlake Village, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the Dis-

---

4. 38 F.3d 488 (9th Cir.1994).

5. 22 F.3d 1441 (9th Cir.1994).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

trict Counsel Department of Homeland Security, San Francisco, CA, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, LEAVY and IKUTA, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioner's motion to reopen removal proceedings.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008).

An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Because petitioner's motion to reopen was filed beyond the 90–day deadline, and petitioner has not contended that any exceptions to this time limit apply, the BIA did not abuse its discretion in denying petitioner's untimely motion to reopen.

Accordingly, the court grants respondent's motion to summarily deny in part this petition for review because the questions raised are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

Further, respondent's motion to dismiss in part this petition for review for lack of jurisdiction is granted. *See Ekimian v. INS*, 303 F.3d 1153, 1160 (9th Cir.2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

